Probate Court of Tuscarawas County.

IN RE JOSEPH F. CRUM, A MINOR.

Decided September 26, 1933.

LAMNECK, J.

On September 13, 1933, Joseph A. Crum was appointed by this court, guardian of the person and estate of Joseph F. Crum, a minor of the age of seven years. On the same day, an application was filed in this court by said guardian to settle a claim for wrongful injury on behalf of his ward against Henrietta F. Parr and John Decker for $285.00. Said application was approved by the court, and in the order, costs amounting to $18.55 were taxed against said Henrietta F. Parr and John Decker as follows:

| | |
|---|---|
| Appointment, inventory, account, etc., maximum | $10.00 |
| Application to settle claim | 7.20 |
| Advertising | .35 |
| Copies of proceedings | 1.00 |
| Total | $18.55 |

Objection was made to the charge of $7.20 for the application to settle the claim on the ground that Section 10501-42, subsection 48, General Code, provides "that in estates, the assets of which do not exceed five hundred dollars in value, the total fees of the probate judge chargeable against such estate, shall not exceed $10.00."

Said Section 10501-42, General Code, also reads in part as follows:

"The fees enumerated in this section shall be charged and collected, if possible, by the probate judge and shall be in full for all services rendered in the respective proceedings."

Following this are listed 47 different items of costs for various matters such as a fee for probating a will, appointing a fiduciary, etc., but in no part of said section is there a fee listed for settling a claim for wrongful injury.

Consequently the charge for such a proceeding must be made under the provisions of Section 10501-44, General Code, which reads as follows:

"For other services for which compensation is not otherwise provided by law, the probate judge shall be allowed the same fees as are allowed the clerk of the Court of Common Pleas for similar services."

There is no limitation in this section as to maximum fees that may be charged for proceedings not listed in Section 10501-42, General Code.

The court is of the opinion that the limitation of $10.00 only applies to the proceedings listed in Section 10501-42, General Code for the reason that the section specifically provides that the fees listed "shall be in full for all services rendered in the respective proceedings, provided, however, that in estates the assets of which do not exceed $500.00 in value, the total fees of the probate judge chargeable against said estate shall not exceed $10.00." It is quite evident that the limitation does not apply to Section 10501-44, General Code.

There is another reason why this limitation does not apply in this particular case. The costs were taxed against the wrong doers, and not against the estate of the ward. Since the limitation "provides that the total fees * * * *chargeable against such estate* shall not exceed $10.00," it is apparent that the limitation does not apply where the costs are chargeable against one, other than the fiduciary of an estate.

Likewise if proceedings are instituted in court which are no part of the ordinary administration of an estate, the limitation does not apply. No one would argue that if a minor secured a marriage license with the consent of his guardian, that no charge should be made for the marriage

license in order to keep the costs of guardianship under $10.00. Yet the fee for issuing a marriage license is listed in Section 10501-42, General Code. Neither would it be argued that this limitation applies to exceptions to an account, because such costs should not be charged against an estate. If exceptions are well taken, the costs should be charged against the fiduciary individually. If not well taken, they should be charged against the party complaining. The court could cite numerous other cases where it would not be proper to charge costs against an estate, although the fees chargeable are listed under Section 10501-42, General Code.

It is therefore ordered that the objections be overruled.